IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Beachside Produce, LLC, et al., | NO. C 06-04957 JW |
|       Plaintiffs,<br>  v. | **ORDER GRANTING PAPPAS' MOTION FOR DEFAULT JUDGMENT** |
| Flemming Enterprises, LLC d/b/a Golden Gate Fruit & Vegetable, et al., | |
|       Defendants. | |

## I. INTRODUCTION

Beachside Produce, LLC ("Beachside") and Pappas & Co. ("Pappas") (collectively, "Plaintiffs") bring this suit against Flemming Enterprises, LLC ("Flemming"), Charles Flemming, and Denise Flemming (collectively, "Defendants") pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e et seq. Plaintiffs seek to enforce their trust rights and to collect PACA trust assets. Presently before the Court is Pappas' Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (hereafter, "Motion," Docket Item No. 17.) The Court conducted a hearing on March 26, 2007. Based on the papers submitted to date and the oral arguments of counsel, the Court GRANTS Pappas' Motion for Default Judgment.

## II. FACTUAL BACKGROUND

Pappas alleges as follows:

Between September 8, 2005 and September 10, 2005, Pappas sold and shipped perishable agricultural commodities to Flemming. (Complaint ¶ 21, Docket Item No. 1.)

1  Flemming agreed to pay at least $20,233.50.  Id.  Pappas timely sent Flemming invoices
2  reflecting the total amount due.  (Complaint ¶ 22.)  Despite Pappas' repeated payment
3  demands, Flemming continued to refuse to pay Pappas for the commodities it purchased.
4  (Complaint ¶ 23.)  Pappas timely filed an administrative reparation complaint with the
5  USDA seeking an award of the balance due to Pappas from Flemming.  (Complaint ¶ 24.)
6  Pappas served its USDA complaint on Flemming, which failed to answer.  (Complaint ¶ 25.)
7  On May 3, 2006, the Secretary of Agriculture issued a Reparation Order in favor of Pappas
8  and against Flemming in the amount of $20,233.49, with interest to accumulate until paid at
9  the rate of 4.94 percent per annum from October 1, 2001, plus $300 in costs.  (Complaint ¶
10 26, Ex. 2.)  Flemming's payment under the Reparation Order was due by June 14, 2006.
11 (Complaint ¶ 28.)  Flemming failed to make payment.  (Complaint ¶ 29.)

## III.  PROCEDURAL BACKGROUND

13  On August 16, 2006, Plaintiffs filed their Complaint against Flemming, Charles Flemming,
14 and Denise Flemming.  (See Docket Item No. 1.)  On September 12, 2006, Denise Flemming filed
15 for Chapter 13 bankruptcy.  (See Docket Item No. 7.)  The Clerk entered default against Flemming
16 and Denise Flemming on September 15, 2006.  (See Docket Item No. 6.)  On October 10, 2006,
17 Plaintiffs filed a notice of bankruptcy filing and automatic stay pursuant to 11 U.S.C. § 362 as to
18 Denise Flemming.  (See Docket Item No. 7.)  The Clerk entered default against Charles Flemming
19 on December 5, 2006.  (See Docket Item No. 22.)

20  On March 29, 2007, the Court granted Beachside's Motion for Default Judgment.  (See
21 Docket Item Nos. 26, 27.)  The Court simultaneously denied Pappas' Motion for Default Judgment
22 due to an issue concerning joinder of parties pursuant to Federal Rule of Civil Procedure 20(a).  Id.
23 The Court issued Pappas an Order to Show Cause re: Dismissal ("OSC") on May 4, 2007.  (See
24 Docket Item No. 32.)  The Court found counsel's written response to the OSC sufficient and vacated
25 the OSC.  (See Docket Item No. 34.)  Presently before the Court is Pappas' Motion for Entry of
26 Default Judgment against Flemming and Charles Flemming.

2

## IV.  STANDARDS

A party may motion the court for entry of default judgment. Fed. R. Civ. P. 55(b)(2).  The grant of a default judgment is within the discretion of the district court.  <u>Draper v. Coombs</u>, 792 F.2d 915, 924 (9th Cir. 1986).  In the Ninth Circuit, the district court must consider which of seven factors supports the entry of a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## V.  DISCUSSION

**A.    Money Damages**

Each of the seven <u>Eitel</u> factors is considered below in turn.

### 1.    Possibility of Prejudice to Plaintiffs

To deny Pappas this default judgment would leave it with no remedy against Defendants' acts in violation of PACA.  This element weighs in favor of granting a default judgment.

### 2.    Merits of Plaintiffs' Substantive Claim

After the entry of default, well-pled allegations in the complaint regarding liability are taken as true except as to the amount of damages.  <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002).  Since default has already been entered in this case against Flemming and Charles Flemming, it is unnecessary to address the merits of Pappas' substantive claim.  This factor weighs in favor of granting a default judgment.

### 3.    Sufficiency of the Complaint

Pappas alleges that Defendants failed to maintain the statutory trust required by PACA. Congress enacted PACA to prevent unfair business practices and promote financial responsibility in

the fresh fruit and produce industry. Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997). A 1984 amendment created a statutory trust provision as follows:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c). Thus, a PACA plaintiff must show that (1) the commodities sold were perishable agricultural commodities; (2) the purchaser was a commission merchant, dealer, or broker; (3) the transaction occurred in contemplation of interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by including statutory language referencing the trust on their invoices. 7 U.S.C. § 499e(c)(3), (4); 7 C.F.R. § 46.46(c), (f).

In this case, Pappas has alleged:

Pappas sold and shipped perishable agricultural commodities to Defendants. (Complaint ¶ 21.) Defendants were engaged in the handling of produce as a commission merchant, dealer, or broker. (Complaint ¶ 8.) The produce was purchased and sold in contemplation of interstate commerce. (Complaint ¶ 10.) Defendants have refused to pay for the produce. (Complaint ¶¶ 23, 55.) Defendants have diverted PACA trust assets to third parties. (Complaint ¶ 42.) On the date of each transaction, they forwarded to Defendants invoices containing necessary language to preserve Pappas' PACA trust rights. (Complaint ¶ 22; see also Declaration of John Jackson in Support of Plaintiffs' Motion for Default Judgment by Court, Docket Item No. 15; Declaration of Rodney van Bebber in Support of Plaintiffs' Motion for Default Judgment by Court, Docket Item No. 14.)

Accordingly, the Court finds that Pappas' allegations are sufficient to recover for violations of PACA. This factor weighs in favor of granting a default judgment.

4

### 4. Sum of Money at Stake in the Action

Pappas requests a judgment of (1) $20,233.50 in principal; (2) $5,108.25 as a pre-judgment finance charge; (3) $2,314.14 in attorney fees; (4) $319.18 in costs; and (5) a post-judgment finance charge of 18 percent per year. (Motion at 6; Declaration of Lewis P. Janowsky in Support of Plaintiffs' Request for Default Judgment by Court, Docket Item No. 16.) The Court finds that this judgment is reasonable. This factor weighs in favor of granting Pappas a default judgment.

### 5. Possibility of a Dispute Concerning Material Facts

As explained above, all well-pleaded allegations in the Complaint are taken as true following the entry of default, except the amount of damages. Since default has already been entered, there is no possibility of a dispute concerning material facts. This factor weighs in favor of a default judgment.

### 6. Whether Default Was Due to Excusable Neglect

Defendants have made no showing of excusable neglect. This factor weighs in favor of a default judgment for Pappas.

### 7. Policy Favoring Decision on the Merits

In the Ninth Circuit, default judgments are generally disfavored; cases should be decided on their merits whenever possible. Eitel, 782 F.2d at 1472 (internal citations omitted). However, this single factor is insufficient to preclude a default judgment when the other factors weigh in its favor. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002). In this case, the remaining factors favor entry of a default judgment.

The Court finds that a default judgment is appropriate.

## VI. CONCLUSION

The Court GRANTS Pappas' Motion for a Default Judgment. Judgment will be entered in favor of Pappas in the amount of $27,975.07 which represents $20,233.50 in principal; $5,108.25 in

5

pre-judgment finance charges; $2,314.14 in attorney fees; and $319.18 in costs. This Judgment is subject to a post-judgment finance charge of 18 percent per year until fully paid.

Dated:  June 6, 2007

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Lewis P. Janowsky rj@rjlaw.com
Marion I Quesenbery marion@rjlaw.com

**Dated:  June 6, 2007**                                        **Richard W. Wieking, Clerk**

                                                                **By:   /s/ JW Chambers**
                                                                         **Elizabeth Garcia**
                                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California